**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:20CV-P856-GNS**

**JEFFERY A. DAWSON**                                                                                          **PLAINTIFF**

**v.**

**LOUISVILLE METRO DEPARTMENT**
**OF CORRECTIONS** *et al.*                                                                                   **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Jeffrey A. Dawson filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF COMPLAINT**

Plaintiff states that he was a convicted inmate at the Louisville Metro Department of Corrections (LMDC).[1] He has since been transferred to another facility. He sues LMDC and Dewayn Clark, who he identifies as the LMDC Jailer, in his official capacity. Plaintiff states that the unit where he was housed was "a 24 person unit with 38 inmates. 15 of the inmates are sleeping on the floor." He alleges, "There is zero social distancing during this COVID-19 pandemic. The jail is not testing for COVID. New arrest are all placed in units on the same floor as other inmates and not properly quarantined for 14 days."

Plaintiff further alleges, "When being served meals, styrofoam trays juices are sloshed onto all 3 slots and soaking any kind of bread items. Meals on plastic trays still have dirty dish water from previous meals and some of the trays are marked by permanent marker 'Do not use'

---

[1] Plaintiff indicates in the "Parties" section of the complaint form that he is a convicted inmate. However, he also states in the form, "As of 12-3-2020 I have been a state inmate." Plaintiff signed the complaint on December 9, 2020. Therefore, it appears that Plaintiff was both a pretrial detainee and a convicted inmate at the time of the alleged events.

and they are still serving meals on them." He states, "Some also have plastic peeling off into the food as well." Plaintiff maintains that he has "food allergies to fish/shellfish and ha[s]n't been given a diet tray and on days fish is served I have been given a normal fish tray and told to eat around the fish, I did not eat the food on those trays at all."

As relief, Plaintiff seeks monetary damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). In this situation, Louisville Metro Government is the proper defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Similarly, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's claims against LMDC and his official-capacity claims against Defendant Clark are actually brought against the Louisville Metro Government.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

#### A. COVID-19 precautions

Liberally construing the complaint, as the Court must do at this stage, the Court construes the complaint as alleging claims for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment and Fourteenth Amendments.[2] The Eighth Amendment's Cruel and

---

[2] Again, it appears that Plaintiff was both a pretrial detainee and a convicted inmate at the time of the alleged events in the complaint. While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). At this time, the Sixth Circuit has recognized only one explicit exception to the

Unusual Punishments Clause protects prisoners from the "'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). While the Constitution "does not mandate comfortable prisons," the Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and . . . 'reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). However, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

The Eighth Amendment's deliberate indifference framework includes both an objective and subjective prong. *Farmer*, 511 U.S. at 834. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Here, the objective component of Plaintiff's deliberate indifference claim has been met. *See Valentine v. Collier*, 956 F.3d 797, 802 (5th Cir. 2020) ("There is no doubt that infectious diseases generally and COVID-19 specifically can pose a risk of serious and fatal harm to prison inmates."); *Wilson v. Williams*, 961 F.3d 829, 842 (6th Cir. 2020) (finding a substantial risk of

---

general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. The exception applies only to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (noting that *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee); *see also Griffith v. Franklin Cty*., 975 F.3d 554 (6th Cir. 2020) (declining to reach the issue, finding that allegations did not meet the recklessness standard applied by some courts after *Kingsley* to medical claims for pretrial detainees); *Cameron v. Bouchard*, 815 F. App'x 978, 984-85 (6th Cir. 2020) (declining to decide whether *Kingsley* controlled jail detainees' challenge to COVID-19 precautions and holding that, at a minimum, a violation of due process required more than simple negligence). Therefore, the Court will apply the Eighth Amendment's deliberate indifference standard to Plaintiff's claims regarding the conditions of his confinement.

serious harm satisfying the objective element of an Eighth Amendment claim based on the conditions in an Ohio prison in light of COVID-19).

The subjective component requires that an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id*. at 836. Thus, prison officials who knew of "a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Wilson*, 961 F.3d at 840 (citing *Farmer*, 511 U.S. at 844).

Plaintiff alleges, "There is zero social distancing during this COVID-19 pandemic. The jail is not testing for COVID. New arrest are all placed in units on the same floor as other inmates and not properly quarantined for 14 days." Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Plaintiff fails to allege any specific facts showing that LMDC personnel acted with the requisite deliberate indifference to a substantial risk of serious harm to Plaintiff. Where an inmate alleges that prison personnel "were constitutionally deficient in mitigating inmates' COVID-19 risks . . . as a whole . . . [t]his does not demonstrate their subjective knowledge of a risk in [the inmate's] particular case that they specifically disregarded." *Thompson v. Bonner*, No. 2:20-cv-2658-JTF, 2021 U.S. Dist. LEXIS 88769, at *13 (W.D. Tenn. May 10, 2021); *see also Moore v. Washington*, No. 1:20-cv-1184, 2021 U.S. Dist. LEXIS 26011, at *15 (W.D. Mich. Feb. 11, 2021) (dismissing claim under § 1915A brought by inmate based on prison's handling of COVID-19 and finding plaintiff "fails to allege

any specific facts showing that the named Defendants in this case acted with the requisite deliberate indifference to a substantial risk of serious harm to Plaintiff"); *McCrary v. Dewine*, No. 1:20-cv-388, 2021 U.S. Dist. LEXIS 18292, at *9 (S.D. Ohio Feb. 1, 2021) (recommending dismissal under § 1915A and finding that "Plaintiffs' general conclusory allegation that the prison system is ill-equipped for social distancing or protecting inmates is insufficient to state a claim") (citing *Iqbal*, 556 U.S. at 678)), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 53549 (S.D. Ohio Mar. 22, 2021).

Nor does Plaintiff allege facts showing that he suffered harmed while housed at LMDC, other than his fear of contracting COVID-19. *See Brittain v. Dickerson*, No. 15-2823-JDT-tmp, 2016 U.S. Dist. LEXIS 109857, at *17 (W.D. Tenn. Aug. 18, 2016) (finding that "speculative fears" are insufficient to state a claim for deliberate indifference). The Court also notes that Plaintiff is no longer housed at LMDC.

Accordingly, Plaintiff fails to state a constitutional violation based on his allegations concerning LMDC's COVID-19 precautions, and the claims must therefore be dismissed for failure to state a claim.

### B. Food preparation

The Court also construes Plaintiff's allegations concerning his food preparation as claims for deliberate indifference to his safety under the Eighth and Fourteenth Amendments. The Court finds that the allegations with regard to the unappetizing food and dirty and peeling trays fail to describe conditions sufficiently serious to meet the objective component of a deliberate indifference claim. *See, e.g.*, *Myers v. Aramark Food Servs.*, No. 15-2824-JDT-TMP, 2016 U.S. Dist. LEXIS 107355, at *9-10 (W.D. Tenn. Aug. 15, 2016) ("[T]he complaint alleges that Myers continues to be fed on dirty trays that have bacteria on them. That deprivation does not rise to

the level of a constitutional violation."); *Slone v. Bilbery*, No. 2:14-cv-00089, 2014 U.S. Dist. LEXIS 143941, at *8 (M.D. Tenn. Oct. 8, 2014) (holding that complaints about the quality or preparation of prison food generally do not amount to an Eighth Amendment violation).

In regards to Plaintiff's claim that he was served a food tray containing fish even though he is allergic to fish and shellfish, Plaintiff does not allege that he ate the fish or otherwise allege that he suffered any injury in connection with the claim. *See, e.g.*, *Sweeting v. Miller*, No. 7:14CV187, 2015 U.S. Dist. LEXIS 105839, at *8 (W.D. Va. Aug. 12, 2015) (finding no claim where the only reaction inmate suffered from eating a food he was supposedly allergic to was a swollen tongue); *Joseph v. Mercer Cty. Comm'rs*, No. 3:12-CV 0847, 2012 U.S. Dist. LEXIS 171097, at *35-36 (N.D. Ohio Dec. 3, 2012) (no claim where plaintiff was allegedly served food he was allergic to but had no allergic reaction or other injury as a result); *Cloyd v. Dulin*, No. 3:12-cv-1088, 2012 U.S. Dist. LEXIS 170100, at *9-11 (M.D. Tenn. Nov. 30, 2012) (finding no constitutional violation where prisoner with carrot allergy was repeatedly served carrots because he failed to allege he suffered serious harm).

Moreover, Plaintiff does not allege that forgoing meals on the occasions when he was served fish resulted in him receiving a nutritionally inadequate diet. *See, e.g.*, *Witschi v. N.C. Dep't of Pub. Safety*, No. 1:14-cv-68-FDW, 2014 U.S. Dist. LEXIS 103300, at *7 (W.D.N.C. July 29, 2014) (dismissing claim and finding that the inmate "[did] not allege specific facts suggesting that he is not being provided with adequate nourishment to sustain his health"); *Turner v. George*, No. 1:13-cv-0142, 2014 U.S. Dist. LEXIS 1734, at *7 (M.D. Tenn Jan. 7, 2014) (finding no Eighth Amendment violation where plaintiff did not allege that she had suffered nutritional deficiencies or gone hungry even though the kitchen failed to provide her with dairy-free meals).

Therefore, Plaintiff fails to state a constitutional violation in relation to his food preparation, and the claims will be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:  May 26, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4416.010